UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA P.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_________________________________/

Case No. 1:25-cv-1053

HON. JANE M. BECKERING

**OPINION AND ORDER**

Plaintiff seeks judicial review of the decision of the Commissioner of the Social Security Administration. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court affirm the Commissioner's decision to deny Plaintiff's claim for (Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act). The matter is presently before the Court on Plaintiff's objection to the Report and Recommendation (ECF No. 24). Defendant did not file a response to the objection. In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objection has been made. The Court denies the objection and issues this Opinion and Order.

Plaintiff argues that this Court should not adopt the Magistrate Judge's recommendation to affirm the decision in this case because the Administrative Law Judge (ALJ)'s decision was "not supported by substantial evidence," given the ALJ's failure to (1) "fairly" treat Plaintiff, an unrepresented claimant, during the hearing; (2) mention and properly discuss Plaintiff's morbid

obesity; (3) properly consider Plaintiff's credibility; and (4) properly consider consistency and supportability in evaluating the opinion evidence (Obj., ECF No. 24 at PageID.457–461). Plaintiff requests that this Court either reverse the ALJ's decision or remand the matter for the ALJ to consider certain evidence obtained after the hearing (*id.* at PageID.462–463).

As the Magistrate Judge explained, the Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility (R&R, ECF No. 23 at PageID.441). Factfinding is the Commissioner's province, and those findings are conclusive, provided "substantial evidence"—something more than a scintilla—supports them. *See* 42 U.S.C. § 405(g); *Cohen v. Sec'y of Dept. of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). Notably, "[t]he substantial-evidence standard ... presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Moruzzi v. Comm'r of Soc. Sec.*, 759 F. App'x 396, 402 (6th Cir. 2018) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

The Magistrate Judge thoroughly considered Plaintiff's arguments on appeal, which Plaintiff has merely reiterated in his objection. The Magistrate Judge determined that Plaintiff received a full and fair hearing under the standards expressed in Sixth Circuit caselaw (R&R, ECF No. 23 at PageID.445–448). Second, the Magistrate Judge pointed out that Plaintiff did not list obesity as a condition limiting his ability to work and that the ALJ nonetheless conducted a step-two discussion of obesity as a non-severe impairment, a discussion that Plaintiff "overlooked" in his appeal (*id.* at PageID.448–450). Third, the Magistrate Judge determined that in evaluating Plaintiff's subjective symptoms, the ALJ sufficiently articulated his consideration of the available medical evidence, Plaintiff's lack of treatment, Plaintiff's hearing testimony, and Plaintiff's daily activities (*id.* at PageID.450–452). Fourth, the Magistrate Judge determined that the ALJ, in

discussing the timing of the examinations and the content of the examination reports, properly considered the opinion evidence in this case (*id.* at PageID.454–455). Last, the Magistrate Judge determined that Plaintiff had not met his burden of showing that a remand was warranted because Plaintiff had not demonstrated "good cause" under 42 U.S.C. § 405(g) for his failure to obtain otherwise-available medical evidence before his hearing (*id.* at PageID.452–454). Plaintiff's objection, which is nearly a verbatim copy of his reply brief to the Magistrate Judge (ECF No. 22), reveals only his disagreements with the ALJ and the Magistrate Judge, but not any error by the Magistrate Judge requiring a disposition of this case different from her recommendation.

Accordingly:

**IT IS HEREBY ORDERED** that the Objection (ECF No. 24) is DENIED, the Report and Recommendation of the Magistrate Judge (ECF No. 23) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order.

Dated: October 29, 2026

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge